COLBY *v.* WORTLEY.

1. WILLS—CONSTRUCTION.

A provision in a will that "I give and bequeath 80 acres of land on section 32 in town 3 south, of range 7 east, to H. and his children," construed, and *held*, that H. and his children, of whom there were seven, each took an undivided one-eighth of the 80 acres mentioned.

2. SAME.

A further provision that "The balance of said 40 acres I do give and bequeath to H. and his children," construed, and *held*, that as to the portion of said 40 acres herein described, H. and his seven children each took an undivided one-eighth.

3. SAME.

A further provision that "The 28 rods wide on section 33, which I have willed to S. shall go to I. and H. after the death of S.," construed, and *held*, at testator's death to vest an estate in fee in I. and H. subject to a life estate in S.

4. SAME.

In the construction of a will, the title to land devised to H. should be confirmed in him rather than in his children, notwithstanding the fact that H. was dead at the time the will was construed.

Appeal from Washtenaw; Kinne, J. Submitted February 6, 1919. (Docket No. 129.) Decided May 29, 1919.

Bill by Grover Colby and others against Sarah Wortley and another for a construction of a will. From a decree for plaintiffs, defendants appeal. Reversed, and decree entered.

*Tracy L. Towner,* for plaintiffs.

*D. C. Griffen* and *John P. Kirk,* for defendants.

See note in 25 L. R. A. (N. S.) 888.

The bill of complaint is filed to secure a construction of the will of Ira T. Colby which follows:

"*First:* I give and bequeath to my wife, Irene Colby, all of my real estate lying and being in the township of Ypsilanti, being on sections 31, 32 and 33, in town three south, of range 7 east, and also two cows, fifty sheep and my best horse, buggy and single harness, to do with as she wishes, except the above named real estate mentioned, which my said wife is to have the use of during her lifetime (without waste).

"*Second:* The homestead of eighty acres on section 31, I give and bequeath as follows, viz.: After the death of my wife, I give and bequeath the east half of said eighty acres, on section 31, to Sarah Wortley. After the death of Sarah Wortley, I give and bequeath the said east half of said eighty acres to Irene Wortley, provided said Sarah Wortley die leaving no heirs. Should Sarah Wortley die leaving an heir or heirs, the said east half of said eighty acres shall be divided equally between said Irene Wortley and Sarah Wortley's heirs. If Irene Wortley dies leaving no heir, her portion shall go to Henry Colby and his children. The west half of said homestead of eighty acres I give and bequeath to Rose Colby, and if said Rose Colby die leaving no heirs, said west half of said homestead shall go to Henry Colby and his children.

"The lane as it now runs north and south through said homestead of eighty acres shall be the dividing line.*

"*Fourth:* I give and bequeath eighty acres of land on section 32 in town 3 south, of range 7 east, to Henry Colby and his children.

"*and the barn building shall be divided equally on each half of the above said homestead of eighty acres. And the house shall be divided also. The east part now occupied by Sarah Wortley to go with and belong to the east half of said homestead, and the west half as now occupied by Ira T. Colby, to go with and belong to the west half of said homestead.

"And I also give my organ to Rose Colby after my wife is through with it. Said Rose Colby is to have a home with my wife as long as she wishes to remain with her.

"The forty acres on section 33, in town 3 south, of range 7 east, shall be divided as follows:

"I give 28 rods wide of west part (divided north and south) to Sarah Wortley.

"I give and bequeath 26 rods wide of middle part of said section to Rose Colby.

"The balance of said forty acres I do give and bequeath to Henry Colby and his children.

"And I do further give to said Henry Colby three acres of land in Augusta, described as follows: west part of west one-third of the east half of the east quarter of section 7, town 4 south, of range 7 east.

"And I do order and direct that my personal property shall be sold and all my debts paid. Whatever remains after paying my debts my said wife is to have. Should any remain of this sale after my wife's death it shall be divided equally between Henry Colby, Irene Wortley, Rose Colby and Sarah Wortley.

"The 28 rods wide on section 33, which I have willed to Sarah Wortley shall go to Irene Wortley and Henry Colby after the death of Sarah Wortley.

"The portion of real estate and personal property which I have willed to Rose Colby and Irene Wortley shall go to Henry Colby's children after the death of either or each of them, provided they or either of them die leaving no heirs.

"Wherever the name of Rose Colby appears in this will it shall and does mean my adopted daughter.

"And I do hereby appoint Watson Barr and my wife, Irene Colby, executors of this, my last will.

"In witness whereof, I have hereunto set my hand and seal this 3rd day of April, A. D. 1885."

The testator died June 3, 1888, and his will was duly admitted to probate July 9, 1888. The parties in interest dealt with the property devised *inter se*, apparently without regard for the provisions of the will or a strict determination thereof until the year 1913, when Henry Colby, son of Ira Colby, died intestate. His son, Grover Colby, was appointed administrator of his estate. He sets up in his bill that claims were duly allowed against the estate of his

father in the sum of $1,824.67 while the inventory of the personal estate amounted to about $936.28. It therefore became necessary for the first time since the death of Ira T. Colby to determine exactly what interest Henry Colby took in the real estate under the will of his father. The oral testimony introduced at the hearing throws no light upon the question involved. The learned circuit judge who heard the case filed the following opinion:

"This is a bill filed for the construction of the will of Ira T. Colby, some 27 years after his death. He died in June, 1888, and as some of the parties have passed away, they have construed this will about as they pleased, until, at this late day, it becomes important to know about where they stand.

"Meanwhile the widow and the son named in the will have deceased. If Watson Barr, who drew this will, were now alive, it might then be possible to understand the provisions of this will. As it is we are left to grope in the dark and guess as best we may at its real meaning.

"The first section of said will seems to have already been executed.

"As to the second section of said will, it appears impossible that Sarah Wortley will now have any children, so upon her death, the east half of said homestead on section 31, will go to Irene Wortley, who, I think, will take the land in fee simple.

"The west half of said homestead of 80 acres will go to Rose Colby for life, unless she marries and has issue, in which event it will go to her children; but if no marriage takes place, upon her death, it will go to the children of Henry Colby in equal shares.

"As to the fourth provision of said will, it seems to me that the children of Henry Colby, deceased, will take in equal shares.

"The 40 acres on section 33 seem to be divided as follows:

"Sarah Wortley will take a life interest in the 28 rods wide willed to her and at her death it will go to Irene Wortley, one-half, and the remaining one-half to the children of Henry Colby in equal shares.

"In the event that Rose Colby does not marry, her 26 rods wide of section 33 will go to the children of Henry Colby in equal shares.

"The balance of said 40 acres on section 33 will go to the children of Henry Colby in equal shares.

"Henry Colby, or his children, will take the 3 acres in Augusta township.

"As to the remainder of the proceedings under this will, I have only to add to the duties of the administrator, 'Pax vobiscum.'"

—upon the footing of which a decree was entered in the following terms:

"This cause having come on to be heard upon the pleadings filed therein and the proofs taken in open court, the court having heard the arguments of counsel for the respective parties and being fully advised in the matter, doth find and adjudge that the will of Ira T. Colby, deceased, as admitted to probate in the probate court for the county of Washtenaw aforesaid, by the terms of which certain pieces or parcels of land situate in the said county of Washtenaw were devised, is not clear and distinct as to the intentions of the testator and that a construction of the said will for the purpose of determining who are the devisees thereunder, should be made by this court as prayed for in the bill of complaint filed in this cause:

"Therefore, on consideration thereof, this court finding that Irene Colby, widow, and Henry Colby, son, have departed this life, it is ordered, adjudged and decreed as follows:

"That the homestead of Ira T. Colby, deceased, consisting of eighty acres situate on section thirty-one, in the township of Ypsilanti, county of Washtenaw and State of Michigan, shall go as follows, viz.: The east half thereof, subject to an estate for life in Sarah Wortley, shall go to Sarah Irene Wortley, in fee simple, and that the west half of said homestead shall go to Rose Colby for life, unless she marries and has issue, in which event it will go to her children, but if no marriage takes place, then, upon the death of the said Rose Colby, the said west half of the said homestead shall go to the children of Henry Colby, deceased, viz.: Ernest Colby, Mollie Gillison, Daisy

Siegle, Amy Tabor, Bessie Colby, Cora Granger and Grover Colby, in equal shares, to have and to hold forever.

"The eighty acres known as the west half of the southeast quarter of section thirty-two in said township of Ypsilanti shall go to the aforesaid children of Henry Colby, deceased, in equal shares, to have and to hold forever.

"The forty acres known as the south one-half of the west half of the southwest quarter of section thirty-three in said township of Ypsilanti, shall go as follows:

"(a) The west twenty-eight rods in width thereof, subject to an estate for life in Sarah Wortley, shall go one equal undivided one-half to Sarah Irene Wortley and the remaining one-half to the children of Henry Colby, deceased, in equal shares, to have and to hold forever; (b) twenty-six rods wide of the middle part of said forty acres shall go to Rose Colby, and in event of her death without issue, the same shall go to the aforesaid children of Henry Colby, deceased, in equal shares, to have and to hold forever; (c) the remainder of said forty acres shall go to the aforesaid children of Henry Colby, deceased, in equal shares, to have and to hold forever.

"The aforesaid children of Henry Colby, deceased, will take the three-acre tract of land situate on section seven, in the township of Augusta in said county of Washtenaw.

"It is further ordered that said plaintiffs or defendants have leave to cause this decree, or a certified copy thereof, to be recorded in the office of the register of deeds for said county of Washtenaw."

Defendants have appealed from said decree.

BROOKE, J. (*after stating the facts*). The fourth paragraph of the will reads:

"I give and bequeath eighty acres of land on section 32 in town 3 south, of range 7 east, to Henry Colby and his children."

The decree provides with reference to this section:

"The eighty acres known as the west half of the

southeast quarter of section thirty-two in said township of Ypsilanti shall go to the aforesaid children of Henry Colby, deceased, in equal shares, to have and to hold forever."

It is the contention of appellants touching this part of the decree that the court should have held that Henry Colby and his children, of whom there were seven at the time the will became operative, each took an undivided one-eighth of the eighty acres mentioned. We are of opinion that the construction contended for is sound. The eighty acres in question is given neither to Henry Colby nor to his children but to Henry Colby and his children. Each of those named, therefore, would, according to the number in the class, take an aliquot part of the eighty acres and the eighth thereof acquired under the will by Henry Colby, title to which remained in him at the time of his death, would be liable for the payment of so much of his debts as remained unliquidated after the appropriation of his personal estate.

The next question arises over the provision of the will as contained in the fourth paragraph.

"The balance of said forty acres I do give and bequeath to Henry Colby and his children,"

—with reference to which the decree provides:

"The remainder of said forty acres shall go to the aforesaid children of Henry Colby, deceased, in equal shares, to have and to hold forever."

This provision of the decree is in our opinion subject to the same infirmity as that relative to the eighty acres above discussed. As to the portion of said forty acres here described, Henry Colby and his seven children each took an undivided one-eighth under the terms of the will, Henry's eighth, undisposed of in his lifetime, being subject to the payment of his debts.

The next question arises with reference to the con-

struction of the further provisions relating to said forty acres, part of which follow:

"I give 28 rods wide of west part (divided north and south) to Sarah Wortley. * * *
"The 28 rods wide on section 33, which I have willed to Sarah Wortley shall go to Irene Wortley and Henry Colby after the death of Sarah Wortley."

The decree provides that as to this 28 rods, upon the death of Sarah Wortley, Irene becomes the owner of the one-half and the children of Henry Colby become the owners of the other one-half. This, too, we think is an erroneous construction of the language under consideration. There is no ambiguity here. A life estate is clearly created in Sarah Wortley with remainder over to Irene Wortley and Henry Colby. Upon the death of the testator, therefore, Irene Wortley and Henry Colby became seized of an estate in fee subject to a life estate in Sarah Wortley.

The next provision likewise found in paragraph four is as follows:

"And I do further give to said Henry Colby three acres of land in Augusta, described as follows:" etc.

With reference to this three acres the decree provides:

"The aforesaid children of Henry Colby, deceased, will take the three-acre tract in the township of Augusta."

It is asserted in the brief of counsel that Henry Colby died without in any way alienating or incumbering his title to said three acres and it is alleged that as to this property the decree should have confirmed the title in Henry Colby instead of in his children. With this contention we agree. While the will under consideration is inartificially drawn, we do not find it difficult to ascertain the intention of the testator from the language used. Neither the lapse of time since the will became operative nor the fact that

Henry Colby is now dead has any bearing upon the question under consideration.

The decree of the court below is reversed, and one will be entered in this court in accordance with the views above expressed. Costs to appellants.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.